IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEANA WEBER,

    Plaintiff,

v.

ILLINOIS EASTERN COMMUNITY
COLLEGE DISTRICT 529, ILLINOIS
EASTERN COMMUNITY COLLEGE
DISTRICT 529 BOARD OF TRUSTEES,
DR. JACK DAVIS, and RODNEY RANES,

    Defendants.                               10-CV-00485

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

### I. Introduction

On July 7, 2010, Plaintiff Deana Weber filed a Complaint against Defendants Illinois Eastern Community College District 529 ("IECC"), the Illinois Eastern Community College District 529 Board of Trustees, and Dr. Jack Davis and Rodney Ranes, as individuals. (Doc. 2). In her Complaint, Plaintiff alleges retaliatory discharge in violation of the Family and Medical Leave Act ("FMLA") in Count I and Intentional Infliction of Emotional Distress in Count II. (Doc. 2).

Plaintiff first became employed at IECC in 2005. On February 25, 2010, during her employment at IECC, Plaintiff required surgery related to her cancer, a serious medical condition under the FMLA. Plaintiff notified the Defendant she need to be placed on FMLA Leave, and Defendants placed her on such leave starting the

1

day of her surgery. In April, Plaintiff's physician authorized her return to work for limited hours before authorizing her return to full-time hours on May 3, 2010.

In her Complaint, Plaintiff alleges she was harassed by Dr. Jack Davis, the Dean and President of the school, during her recovery. Plaintiff claims Defendant Davis continuously called her with inquiries regarding her job, called her husband when she did not answer her telephone, and allowed students to call and visit the Plaintiff at her home during this time. Defendant Davis made the first of these telephone calls while Plaintiff was in surgery.

Upon her return, Plaintiff noticed certain changes regarding her employment at IECC. IECC had hired two new full-time teachers during her FMLA Leave and now required that she communicate with Dean Rodney Ranes through these two teachers. Plaintiff was no longer to communicate directly with the Dean, as she had previously. Further, Plaintiff alleges the teachers and students treated her differently and were reluctant to speak with her.

Plaintiff called Defendant Davis complaining about his telephone calls and the student calls and visits to her home during her recovery. During this phone call, Plaintiff claims Defendant Davis stated Plaintiff was "nothing." On May 10, 2010, Plaintiff was discharged from her employment at IECC with no stated cause.

Following her dismissal, Plaintiff filed her Complaint with this Court.(Doc. 2). In her Complaint, Plaintiff alleges Defendants are liable for retaliatory discharge in violation of the FMLA. Further, Plaintiff claims Defendants are liable for Intentional Infliction of Emotional Distress during her recovery after the surgery and

when she once again returned to work.

Now before the Court is Defendants' Motion to Dismiss, filed on September 3, 2010. (Doc. 28). In the Motion, Defendants contend Count I of the Complaint should be dismissed against the individuals Dr. Jack Davis and Rodney Ranes and that Count II should be dismissed against all defendants. (Doc. 28). On October 5, 2010, Plaintiff filed a Response to Defendant's Motion to Dismiss. (Doc. 37). Defendants then filed a Reply to Plaintiff's Response on October 11, 2010. (Doc. 40).

## II. Discussion

### A. Motion to Dismiss Standard

When ruling on a motion to dismiss for failure to state a claim under **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**, the Court must determine whether the complaint satisfies the threshold pleading requirements under **FEDERAL RULE OF CIVIL PROCEDURE 8.** According to **Rule 8**, a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." **FED. R. CIV. P. 8(a)(2).** The Supreme Court has held that **Rule 8** requires a complaint allege "enough facts to state a claim of relief that is plausible on its face" to survive a **Rule 12(b)(6)** motion. ***Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)**. Further, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' by providing "more than labels and

3

conclusions" because a formulaic recitation of the elements of a cause of action will not do. ***Id.* at 555-56 (quoting *Papasan v. Allain,* 478 U.S.265, 286 (1986)**. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' ***Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 557)**.

The Supreme Court recently made clear that the federal pleading standard under Rule 8 as discussed in ***Twombly*** applies "for all civil actions." ***Id.* at ---, 129 S. Ct. at 1953**. *Iqbal* identified the "two working principles" underlying the decision in ***Twombly***: (1) "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice;" and (2) "only a complaint that states a plausible relief survives a motion to dismiss." ***Id*. at ---, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555-6)**. Thus, a court should only assume to be true a complaint's well-pleaded factual allegations, and not its mere legal conclusions, when determining whether such allegations plausibly give rise to relief. ***Id.* at ---, 129 S. Ct. at 1950**.

**B. Analysis**

**1. Retaliatory Discharge Claim**

In their Motion, Defendants contend individual Defendants Dr. Jack Davis and Rodney Ranes should be dismissed because employees of a public agency

4

cannot be liable under the FMLA. (Doc. 28). Defendants argue the FMLA precludes individual liability on public agency employers, and, therefore, Plaintiff's claims against Defendants Davis and Ranes for retaliatory discharge should be dismissed.

The issue before the Court is whether individuals at public agencies are considered "employers" for purposes of the FMLA. While Courts have held that individual employers at private entities are open to liability under this Act, it does not necessarily follow that the same is true for public entities. The Seventh Circuit has yet to consider this issue.

The Sixth Circuit Court of Appeals, however, has considered this issue and, ultimately, concluded that these individuals could not be liable. **Mitchell v. Chapman, 343 F.3d 811, 832 (6th Cir. 2003)**. In reaching this determination, the Court examined in great detail the legislative construction and interpretation of the statute. *Id.*

The FMLA defines "employer" as follow:

(4) Employer
(A) In general
 The term 'employer'–
 (i) Means any person engaged in commerce...who employs 50 or more employees...;
 (ii) Includes–
  (I) Any person who acts, directly or indirectly, in the interest of an employer to any employees of such employer; and
  (II) Any successor in interest of the employer;
 (iii) Includes any 'public agency' as defined in section 203(x) of this title; and
 (iv) Includes the General Accounting Office and the Library of Congress.
(B) Public agency.
 For purposes of subparagraph (A)(iii), a public agency shall be

>considered to be a person engaged in commere or in an industry or activity affecting commerce.

**29 U.S.C. § 2611**. Applying the rules of statutory construction, the Sixth Circuit concluded individuals at public agencies are not considered "employers" under the FMLA. *Mitchell,* **343 F.3d at 832**. The Court reached this determination by analyzing the text and structure of the statute.

First, the Court considered that the FMLA's definition of "employer," noting that the specific provision regarding individual liability is expressly separated from the specific provision addressing "public agency employers." *Id.* **at 829**. The four clauses addressing the meaning of "employer" are distinctly enumerated and not connected through punctuation, indicating they are completely independent. *Id.* **at 830**. This structure, without any interrelation between the provisions modifying employer, suggests the Legislature intended to open liability to individuals at private entities but not in the public. *Id*.

Further, the Court found the text of this definition compelled an interpretation separating the provisions for individual liability and public agencies. *Id.* If the public agency provision was to be commingled with the other clauses defining "employer," the resulting interpretation would render the public agency provision superfluous. *Id.* **at 831**. This interpretation would also enforce the fifty employee requirement on public agencies, which has been well-settled is not necessary. *Id*. Therefore, an interpretation commingling these clauses cannot be sustained. *Id*.

Finally, the Court stated that the Legislature must have intended for the FMLA's definition of employer to be different than that in the FLSA. In other provisions, the FMLA expressly references a similar FLSA provision. Here, however, the Legislature explicitly distinguished the definition of employer from that in FLSA. Should the Legislature have intended to make individuals at public agencies liable, it could have referenced the FLSA definition, as it did in other provisions of the Act.

For the reasons stated above, the Court ultimately concluded that employees at public agencies were not to be held liable as employers under the FMLA. This Court agrees with the thoughtful analysis set forth by the Sixth Circuit. Accordingly, Defendant's Motion is **GRANTED** with respect to Count I, and Defendant Davis and Ranes are dismissed. (Doc. 28).

### 2.     **Intentional Infliction of Emotional Distress Claim**

Defendants further argue the claim in Count II of the Complaint for Intentional Infliction of Emotional Distress should be dismissed in its entirety. Defendants contend Plaintiff has failed to adequately plead a cause of action for intentional infliction of emotional distress.

As stated above, Rule 8 requires only a "short and plain statement of the claim." **FED. R. CIV. P. 8(a)(2)**. To survive a motion to dismiss, the complaint need only allege sufficient facts to state a claim of relief that is plausible on its face." ***Bell Atlantic Corp.,*** **550 U.S. at 570**. Further, to prevail on a claim of intentional infliction of emotional distress, the plaintiff must show that (1) the conduct involved was truly extreme and outrageous; (2) the actor either intended that his conduct

7

inflict severe emotional distress, or knew that there was at least a high probability that his conduct would cause severe emotional distress; and (3) the conduct was in fact severe enough to cause emotional distress. ***Lewis v. School District #70*, 523 F.3d 730, 746 (7th Cir. 2008)**.

In her Complaint, Plaintiff contends that Defendants harassed her during her recovery from a major surgery. Defendants began calling her with questions as early as the time that she was in surgery and continued to do so throughout her recovery. Plaintiff further alleges that Defendants sent students to her home during her recovery. When Plaintiff failed to answer her phone, Defendants called her husband, demanding to know why she had not answered her phone. Upon her return to work, Plaintiff claims the conditions of her employment had changed drastically. Finally, when she complained about this behavior, Defendants called her a "nothing" and eventually terminated her employment.

At this stage, the Court will assume these allegations to be true on their face. Plaintiff's Complaint, therefore, alleges sufficient facts to survive Defendants' Rule 12(b)(6) Motion. Accordingly, Plaintiff has successfully pleaded her claim of intentional infliction of emotional distress. Accordingly, Defendants' Motion is **DENIED** with respect to Count II.

### III. Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. (Doc. 28). The Motion is **GRANTED**

with respect to Count I against individual Defendants Davis and Ranes. The Motion is **DENIED** with respect to Count II.

**IT IS SO ORDERED.**

Signed this 17th day of November, 2010

David R. Herndon
2010.11.17
11:59:02 -06'00'

**Chief Judge
United States District Court**